Filed 2/11/14  P. v. Hardy CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AMELIA HARDY,<br><br>    Defendant and Appellant. | D064225<br><br>(Super. Ct. Nos. SCD239663,<br>SCE297862) |

APPEAL from a judgment of the Superior Court of San Diego County, Charles G. Rogers, Laura W. Halgren, Robert F. O'Neill, Judges.  Affirmed.

Patricia M. Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearances for Plaintiff and Respondent.

Amelia Hardy pleaded guilty to aiding and abetting the sale of a controlled substance to an undercover police officer (Case A, SCD239663).  At the hearing, the trial court informed Hardy that the maximum penalty for the crime was four years in prison. At the time of the crime, Hardy was on probation for a previous crime (Case B,

SCE297862). Probation on Case B was violated by the guilty plea in Case A, but was subsequently reinstated.

At a sentencing hearing the following month, the trial court gave Hardy a three year suspended sentence on Case A and ordered 180 days in local custody concurrent to the time imposed on Case B, with 92 days of credit. The court found that Hardy was unable to pay nonmandatory fines and fees. On Case B, the court imposed jail time of 365 days, with 229 days of credit. The trial court referred both cases to probation to determine whether Hardy was eligible for the mentally ill offender's unit supervision, and if she was not eligible, it requested probation to evaluate her for mental health services.

Hardy's probation was summarily revoked after the probation department reported that, among other things, she failed to report to probation and failed to drug test. Hardy later waived her right to an evidentiary hearing and admitted that she violated probation in both of her cases as alleged in the probation officer's report. The trial court formally revoked probation.

On Case B, the court noted that probation would have expired in little more than a month. It reinstated and then denied further probation. With credit for time served of 460 days, the court concluded that Case B was "over . . . and done with." On Case A, the court imposed an upper-term sentence of four years based on Hardy's criminal history, numerous grants of probation and subsequent revocations and the absence of mitigating factors. It ordered a split sentence of two years in local custody and two years mandatory supervision, with 292 days credit.

2

Hardy sent the court correspondence asking to reinstate probation and for an evidentiary hearing on her probation violation. She later filed a pro per motion to change her plea. Acting in pro per, Hardy filed a notice of appeal. Counsel later filed an amended notice of appeal indicating it was an appeal from an admission of probation violation and based on the sentence or other matters that occurred after the plea and do not affect its validity.

In a letter to the court, Hardy requested a *Marsden* hearing and a sentencing rehearing. (*People v. Marsden* (1970) 2 Cal.3d 118.) In another letter, she again asked for a rehearing or sentence modification hearing. The trial court sent Hardy a letter stating it was unable to address her letters because her case was "now before the Court of Appeal."

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. He presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Under *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel listed as possible but not arguable issues, whether: (1) the court erred when it took Hardy's motion for recall of sentence off calendar; (2) Hardy had standing to require the trial court to hold a hearing on her motion for recall of sentence; (3) the court erred when it failed to hold a hearing on Hardy's request for a *Marsden* hearing after it took her motion for recall of sentence off calendar; (4) the court abused its discretion when it sentenced Hardy to the upper term; and (5) the court abused its

3

discretion when it sentenced Hardy to serve a split sentence of two years in local custody and two years mandatory supervision.

We granted Hardy permission to file a brief on her own behalf. She has not responded. Our review of the record pursuant to *Wende*, including the possible issues listed by counsel pursuant to *Anders*, has disclosed no reasonably arguable issues on appeal. Competent counsel has represented Hardy on this appeal.

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

O'ROURKE, J.

4